Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7821 | **DATE** | 5/11/2000 |
| **CASE TITLE** | A.B., a minor by his next friend, et al. vs. Officer Christine Zinchuk, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant City's motion to dismiss (Doc. No.6-1) is granted without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 12 2000 date docketed | |
| | Notified counsel by telephone. | | | 13 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/11/2000 date mailed notice | |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

A.B., a minor by his next friend, )
NANCY SALADINO, )
)
Plaintiff, )
)
v. ) No. 99 C 7821
)
OFFICER CHRISTINE ZINCHUK, ) Judge Rebecca R. Pallmeyer
OFFICER JENNIFER WYDRA, and the )
CITY OF CHICAGO, a municipal )
corporation, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff A.B., a minor, has filed this lawsuit under 42 U.S.C. §1983 against Defendants, Chicago Police Officers Christine Zinchuk and Jennifer Wydra and the City of Chicago. A.B. alleges that on September 9, 1999, he was improperly seized by Defendant Officers and searched and abused by Officer Zinchuck. He seeks recovery against the City on a failure-to-train theory.

The City has moved to dismiss. The City argues that Plaintiff has not adequately pleaded a claim for municipal liability under the *Monell* doctrine, *see Monell v. Department of Social Services*, 436 U.S. 658 (1978), because the complaint alleges only a single instance of misconduct on the part of Officers Zinchuk and Wydra. Citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) and *Gray v. Dane County*, 854 F.2d 179, 183 (7th Cir. 1988), the City urges that a single incident of unconstitutional activity is insufficient to establish a municipal custom or practice for purposes of *Monell*.

Plaintiff insists his complaint is adequate under the liberal federal notice pleading standards. He notes that there is no heightened pleading standard for §1983 plaintiffs, *Leatherman v. Tarrant City Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 165 (1993), and cites two post-*Leatherman* cases in which the Seventh Circuit reversed the dismissal on motion of complaints seeking to impose municipal liability based on a single incident of wrongdoing. In *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997), for example, plaintiff alleged that the municipality had a policy of putting officers on the street to enforce traffic laws without adequate training or supervision and that one of the officers involved in an altercation with plaintiff continually referred to his instruction book during the incident. The Seventh Circuit acknowledged that plaintiff's allegations of inadequate training or supervision "come close to the level of boilerplate vagueness" but held they were adequate under *Leatherman*. Similarly, in *Sledd v. Lindsay*, 102 F. 3d 282 (7th Cir. 1996), plaintiff alleged a "code of silence," claiming that disciplinary complaints against police officers almost never resulted in corrective action, and that police officers believed their misconduct would never be investigated. Such allegations were sufficient, together with statistics involving other incidents, to state a claim against the city. Plaintiff here contends his allegations are similarly sufficient. In addition, he argues that the court ought not dismiss the City because it would ultimately seek to "duplicate the discovery already completed once it is brought back into the case." (Plaintiff's Response to the City of Chicago's Motion to Dismiss Count II, at 7.)

The City points out that the majority of judges in this district have rejected the notion

2

that a single incident of unconstitutional activity constitutes a municipal custom or practice. *See, e.g., Johnson v. Sandidge*, 87 F. Supp. 2d 832 (N.D. Ill. 1999) (Aspen, C.J.), *Janowitz v. City of Chicago*, 1999 WL 731691 (N.D. Ill. Aug. 30, 1999) (Williams, J.); *Bandari v. City of Chicago*, 99 C 5889 (N.D. Ill. Jan. 29, 2000) (Kocoras, J.). To the extent that Plaintiff believes these decisions are inconsistent with the result reached by the Seventh Circuit in *Lanigan* and *Sledd*, this court notes that Plaintiff's allegations in this case are less detailed than those presented in either of those cases. *Lanigan* involved specific reference to training in traffic law enforcement and an allegation that the offending officer relied on his training manual in carrying out the alleged violation of plaintiff's rights. The *Sledd* complaint included statistics involving other incidents and investigation of complaints of excessive force against other police officers. In the case before this court, the only allegation that supports a municipal liability claim is paragraph 35 of the complaint, which reads in full as follows:

> 35. Upon information and belief, the City of Chicago received notice of the defendant officers' violations of both police procedures and constitutional safeguards as afforded by the Fourth Amendment, among other constitutional provisions, prior to the subject incident.

In this court's view, this allegation affords no notice to the City concerning the types of violations of which it purportedly was notified. The reference to "the Fourth Amendment, among other constitutional provisions," suggests (implausibly) that the City's awareness of *any* violations of *any* Constitutional guarantees by *any* officers is sufficient to state a claim that the City is liable under *Monell* for the alleged unlawful seizure and personal assault alleged here. Most problematic, even this very sketchy allegation is made only "upon

3

information and belief."

The court concludes this allegation is insufficient to state a policy or practice claim against the City of Chicago and grants the City's motion to dismiss without prejudice. If discovery establishes a basis for Plaintiff to amend his complaint sufficiently, he is welcome to do so. The court does not share Plaintiff's concern that such a development would generate a request from the City that discovery be reopened; its police officers remain in the case as Defendants and presumably will be pursuing appropriate discovery against Plaintiff. A municipal liability claim would not require reopening that discovery. Obviously, the court would deem any timeliness defense to an amended complaint waived by the City's filing of this motion.

Defendant City's motion to dismiss (Doc. No.6-1) is granted without prejudice.

ENTER:

Dated: May 11, 2000

REBECCA R. PALLMEYER
United States District Judge